UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSTAR BANK, N.A., <br><br>　　　　　　　　　Plaintiff, <br><br>v. <br><br>LEVI SANTIAGO; and DOES 1-100, inclusive, <br><br>　　　　　　　　　Defendants. | Case No.: 23-CV-2015 JLS (SBC) <br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) ORDERING DEFENDANT TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT** <br><br>(ECF Nos. 1, 2) |

Presently before the Court are Defendant Brandon Rustle's ("Rustle" or "Defendant") Notice of Removal ("NOR," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Defendant, proceeding pro se, removed this unlawful detainer action from the Superior Court of California, County of San Diego, to this Court pursuant to 28 U.S.C. § 1441. *See generally* NOR; ECF No. 1-1. For the reasons that follow, the Court **DENIES** Defendant's IFP Application and **ORDERS** Defendant to **SHOW CAUSE** why this action should not be remanded to state court for lack of subject matter jurisdiction.

/ / /

/ / /

1

# BACKGROUND

Defendant is a tenant residing at a property located in Fallbrook, California, over which Plaintiff Flagstar Bank, N.A., has some claim.[1] *See* ECF No. 1-2 at 3[2]; *see generally* NOR.  On April 3, 2023, Plaintiff initiated an action for unlawful detainer and damages against individuals residing at—or otherwise in possession of—the Fallbrook residence. ECF No. 1-2 at 2.  Though Plaintiff did not list Defendant by name in its initial Complaint, *see id.*, it appears Defendant joined the action after filing a "Prejudgment Claim of Right to Possession" form in state court, *see id.* at 3–4.  Defendant later removed the action to federal court on the basis of federal question jurisdiction.  *See generally* NOR.

## *IN FORMA PAUPERIS* APPLICATION

**I.  Legal Standard**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the

---

[1] Defendant attached only the first page of Plaintiff's state court complaint, *see* ECF No. 1-2 at 2, so the Court does not have access to the full description of Plaintiff's relationship to the property at issue. Defendant, however, describes himself as the "tenant of a foreclosed landlord."  NOR at 6.  It thus appears Plaintiff has foreclosed on the Fallbrook property at which Defendant resides.

[2] Citations to ECF Nos. 1-1 and 1-2 refer to the blue pagination numbers assigned by the CM/ECF system.

affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds by* 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

**II.    Analysis**

In his IFP Application, Defendant claims he has not, in the past twelve months, received any money from sources including employment; rent payments; retirement, disability, or unemployment benefits; or welfare services. IFP Appl. at 1–2. Defendant also claims to have $1,200 in monthly expenses, which covers payments for utilities, home maintenance, food, and transportation. *Id.* at 4.

Defendant's IFP Application is, however, far from complete. He fails to respond to any of the Application's questions regarding, among other topics, the past two years of his employment history, any assets he may hold, and any debts he might owe. *See id.* at 2–4. These omissions come though Plaintiff was instructed to respond to every question, even if only to answer "none" or "not applicable," instead of leaving questions blank. *Id.* at 1.

Additionally, some of Defendant's answers are contradicted by statements contained in other filings. Defendant claims his average monthly income over the past year has been "$0.00." *Id.* at 2. But in a "Request to Waive Court Fees" he filed in California Superior Court on April 24, 2023, Defendant disclosed that he worked in "customer service" at "Big O. Tires." ECF No. 1-2 at 5. Even if Defendant no longer holds that position, any income he may have earned from November of 2022 to April of 2023 would impact the income information requested by the IFP Application. Defendant also contends that he has

3

23-CV-2015 JLS (SBC)

received no income from welfare services in the past twelve months, *see* IFP Appl. at 2, even though he apparently received food stamps earlier this year, *see* ECF No. 1-2 at 5. The Court also notes that Defendant does not explain how, in the absence of any income whatsoever, his expenses are paid.

Given the lack of detail provided by Defendant in his IFP Application—and the inconsistencies in his filings—the Court cannot accurately assess how paying the filing fee would affect Defendant's ability to afford the necessities of life. Defendant has thus failed to "allege poverty with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court **DENIES** Defendant's IFP Application.

## SUBJECT MATTER JURISDICTION

**I.  Legal Standard**

"Federal Courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is thus "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

Relatedly, Courts have an "independent obligation" to screen all actions for subject matter jurisdiction, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), including actions removed from state court to federal court, *see Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280, (1918))). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). So, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## II.   Analysis

Defendant contends that removal is proper because this Court has subject matter jurisdiction over this action. NOR at 2. Specifically, Defendant argues that "Plaintiff was required to state a cause of action under the [Protecting Tenants at Foreclosure Act]," or "PTFA,"[3] which is a federal statute. *Id.* at 3. So, per Defendant, this Court has federal question jurisdiction because Plaintiff's Complaint states a federal claim—"a cause of action in PTFA ejectment." *Id.* at 4.

Even granting Defendant's pro se pleadings a "liberal[] constru[ction]"—as is the Court's duty, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)—the Court must reject Defendant's argument. Federal courts may exercise federal question jurisdiction under 28 U.S.C. § 1331 when a plaintiff's claim arises under federal law. *E.g.*, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Additionally, federal courts may hear a state law claim when such a claim turns on a "federal issue" that "is: '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Newtok Vill. v. Patrick*, 21 F.4th 608, 618 (9th Cir. 2021) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). This standard, labeled the "substantial federal question doctrine" or "*Grable* Test," is met in only a small number of cases. *Id.* (referring to *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)).

Based on the materials before the Court, including Defendant's description of the case, Plaintiff's cause of action arises under *state* law. *See* ECF No. 1-2 at 2; NOR at 3. As Defendant notes, Plaintiff pleaded "this action as an 'Unlawful Detainer'" case. *Id.* And unlawful detainer actions are governed solely by state law. *See, e.g.*, *Ralph Partners II, LLC v. Tate*, No. 18-CV-03030-LB, 2018 WL 3213974, at *1 (N.D. Cal. July 1, 2018)

---

[3] The citation for the PTFA is Pub. L. 111-22, §§ 701–03, 123 Stat 1632, 1660–61 (2009). Plaintiff cites § 702 of the PTFA. *See* NOR at 2–3. For context, the Court notes that § 702 "is part of the Emergency Economic Stabilization Act ('ESSA') codified in 12 U.S.C. §§ 5201 *et seq.*" *Zalemba v. HSBC Bank, USA, Nat. Ass'n*, No. 10-CV-1646BEN BLM, 2010 WL 3894577, at *3 (S.D. Cal. Oct. 1, 2010).

1  (explaining that unlawful detainer actions do not arise under federal law).

2  Further, Defendant cannot secure removal by raising a federal defense. Under the well-pleaded complaint rule, federal question jurisdiction exists only when a *plaintiff's* claim is "based upon [federal law]." *Mottley*, 211 U.S. at 152. Consequently, *defenses* implicating federal law do not create federal question jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . ."). Defendant claims, without citing caselaw, that the "PTFA is a not a defense." NOR at 6. But "every court to consider the issue has held that the PTFA provides at most a federal counterclaim or defense" and "does not transform a state unlawful detainer claim into a federal cause of action." *Standard Summerwood LLC v. Jones*, No. 19-CV-02152-JCS, 2019 WL 3363788, at *1 (N.D. Cal. Apr. 23, 2019), *report and recommendation adopted*, No. 19-CV-02152-RS, 2019 WL 3367534 (N.D. Cal. May 14, 2019).

Defendant's remaining arguments also fail. Defendant asserts that "[P]laintiff cannot defeat removal by omitting necessary federal question [sic] of law." NOR at 4. But the well-pleaded complaint rule "makes a plaintiff the 'master of his complaint.'" *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). Plaintiffs may thus "generally avoid federal jurisdiction by pleading solely state-law claims." *Id.* And finally, the question raised by the PTFA-related defense Defendant asserts—whether there was compliance with a 90-day notice period, *see* NOR at 3—is a "straightforward federal issue" that does not satisfy the *Grable* Test, *Colgate Tr. #2333 v. Winterbower*, No. SACV1401709CJCDFMX, 2014 WL 12564028, at *1 (C.D. Cal. Oct. 30, 2014).

Given the above, the Court finds Defendant has failed to meet his burden of establishing this Court's subject matter jurisdiction.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's IFP Application (ECF No. 2) and **ORDERS** Defendant **TO SHOW CAUSE** why this action should not be

remanded to state court for lack of subject matter jurisdiction. Defendant **SHALL FILE** a response to this Order within twenty-one (21) days of the date of this Order. In said response Defendant **MUST** (1) establish the Court's subject matter jurisdiction; (2) attach a copy of the *entire* state court complaint (as required by 28 U.S.C. § 1446); and (3) either pay the required filing fee or file a renewed application to proceed IFP that is accurate and complete. *If Defendant fails to demonstrate subject matter jurisdiction and pay the filing fee or file a renewed IFP motion within twenty-one (21) days of the date of this Order, the Court will issue an order remanding this case to state court.*

**IT IS SO ORDERED.**

Dated: November 6, 2023

Hon. Janis L. Sammartino
United States District Judge